UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERMAN SICARD on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-cv-03693 |
| NABORS INTERNATIONAL, INC., | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1.  Defendant Nabors International, Inc. ("Defendant") required Plaintiff Sherman Sicard ("Plaintiff") to work more than forty (40) hours a week as a tool pusher. Unfortunately, Defendant misclassified Plaintiff as an independent contractor. Additionally, Defendant misclassified other tool pushers and other similarly situated employees as independent contractors. By misclassifying these workers as independent contractors, Defendant has denied them the overtime wages they are due under the law.

2.  Defendant's conduct violates the Fair Labor Standards Act ("FLSA"), which mandates that non-exempt employees, such as Plaintiff and the Class Members, be compensated at one and one-half times their regular rate for each hour worked over forty hours per week. *See* 29 U.S.C. § 207(a).

3.  Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former tool pushers classified as independent contractors who performed work for Defendant during the three-year period before

1

the filing of this Complaint up to the date the Court authorizes notice. Members of the collective action are hereinafter referred to as "Class Members."

4. Defendant owes the Plaintiff and Class Members back pay at the time and one-half rate for all hours worked over 40 in a workweek, liquidated damages, attorneys' fees and costs.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

7. Plaintiff worked in this District when the violations took place.

8. Defendant maintain its principal United States headquarters in Houston, Texas.

9. Defendant's national compensation policies and practices, including those that violate the FLSA as alleged herein, originated and were decided at Defendant's principal headquarters in Houston, Texas.

## PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Sherman Sicard is an individual residing in Sevier County, Utah. Plaintiff's written consent to this action is attached hereto as Exhibit A.

11. The Class Members are all of Defendant's tool pushers and all employees working in substantially similar positions classified as independent contractors for at least one week during the three-year period before the filing of this Complaint.

12. Defendant Nabors International, Inc. is a corporation organized under the laws of Delaware and headquartered in Houston, Texas. Defendant may be served process through its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

13. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting business activities in the state of Texas. Defendant established minimum contacts in Texas, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over Defendant is consistent with the constitutional requirements of due process.

## FLSA COVERAGE

14. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(r), 203(s)(1). Defendant's employees, such as Plaintiff, handle goods that have traveled in interstate commerce, such as tools, pipe, computers, and phones. Defendant also transacts business with companies located outside the state of Texas.

16. At all material times, Defendant has had an annual gross business volume in excess of the statutory standard.

17. At all material times, Plaintiff and Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

18. Defendant is a wholly owned subsidiary of Nabors Industries Ltd., a publicly traded company that owns and operates the world's largest land-based drilling rig fleet and is a principle provider of offshore platform workover and drilling rigs.

19. Plaintiff worked for Defendant as a tool pusher from approximately March of 2014 to April of 2016.

20. As a tool pusher, Plaintiff's primary duty involved manual labor at oil well sites. He performed physical labor tasks at the well sites and worked outdoors, exposed to the elements. He also acted as a liaison between companies providing services at the well sites and the owner of the well site.

21. Plaintiff is one of hundreds of tool pushers employed by Defendant in the last three years.

22. Defendant violated the FLSA by misclassifying its tool pusher workforce as independent contractors and paying them only a day rate without overtime.

23. That is, Defendant made the company wide decision to classify all of its tool pushers as independent contractors.

24. Defendant's tool pushers typically work a 12 hour shift at well sites. They also commonly work at well sites for several weeks at a time.

25. For compensation, Defendant pays its tool pushers a day rate for each day spent working.

26. Defendant paid Plaintiff a day rate.

27. Defendant paid the Class Members a day rate.

28. Defendant classified Plaintiff as an independent contractor.

29. Defendant classified the Class Members as independent contractors.

30. Defendant paid Plaintiff and the Class Members in the same manner.

31. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Class Members.

32. Defendant set the schedule to be worked by Plaintiff and the Class Members and controlled their work including their work locations, the hours worked, and safety on the job site.

33. Defendant tracked the days worked by Plaintiff and Class Members just as is common for typical employer-employee relationships.

34. Moreover, the following conduct demonstrates that Defendant acted as an employer with respect to Plaintiff and the Class Members:

   a. Defendant required Plaintiff and the Class Members to report to their designated yard or well site at a set time;

   b. Defendant required Plaintiff and the Class Members to request time off in advance and have that time off preapproved;

   c. Defendant issued work orders to Plaintiff and Class Members that described in great detail the manner in which they were to perform their work and Defendant required strict compliance with those work orders;

   d. Plaintiff and Class Members faced termination if they failed to follow the work orders promulgated by Defendant;

   e. Defendant provided safety training and other training to Plaintiff and the Class Members instructing them precisely how to perform their work;

    f. Defendant assigned Plaintiff and Class Members so many hours per work week (typically more than 70) that as a practical matter they were precluded from obtaining work elsewhere;

    g. Plaintiff's and the Class Members' work was integral to Defendant's operations;

    h. Plaintiff and the Class Members worked for Defendant for long periods of time, often years, as is common with employees;

    i. Defendant required Plaintiff and the Class Members to attend company meetings;

    j. Defendant maintained the right to discharge Plaintiff and the Class Members at will; and,

    k. Plaintiff and Class Members did not have discretion to hire and fire others to work on Defendant's well sites; Defendant maintained those rights exclusively.

35. Furthermore, the degree of investment Plaintiff and Class Members made to perform their work was minimal. Plaintiff and the Class Members were not required to supply tools of any kind. On the other hand, Defendant assumed all the costs typically associated with running a business and owned all tools and equipment Plaintiff and the Class Members were assigned.

36. A substantial portion of Defendant's annual revenue is derived from the work performed by Plaintiff and Class Members.

37. Despite these facts, Defendant improperly classified Plaintiff and Class the Members as independent contractors and not employees.

38. Defendant misclassified its employees as independent contractors to avoid its obligations to pay employees pursuant to the FLSA, as well as to reap other benefits of such illegal

classification, such as reduced tax liability, the non-payment of worker's compensation insurance, and other forms and insurance, and to pass on its operational costs to its workforce.

39. However, at all times Plaintiff and the Class Members were economically dependent on Defendant and were not in business for themselves. They were employees under the FLSA, not independent contractors and they should have been paid overtime.

40. No exemption under the FLSA shelters Defendant from paying the Plaintiff and Class Members overtime.

41. Defendant knew, or showed reckless disregard for whether Plaintiff and the Class Members were entitled to overtime pay under the law. In fact, Defendant knew the requirement to pay overtime to Plaintiff and Class Members but intentionally chose not to do so.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all current and former tool pushers classified as independent contractors who performed work for Defendant for at least one week during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

43. Plaintiff has first-hand personal knowledge, through his personal work experience and communications with other workers of the Defendant, that a class of similarly-situated employees exists who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above.

44. Defendant uses the same compensation structure regardless of the location of employment of a particular Class Member.

45. Defendant uses the same compensation structure regardless of the supervisor of a particular Class Member.

46. All tool pushers perform the same essential job functions regardless of branch location.

47. Defendant has a common job description that applies to all tool pushers.

48. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification, and the denial of overtime pay.

49. The names and address of the Class Members of the collective action are available from Defendant's records.  The Class Members should be allowed to receive notice via First Class Mail, email and via a website with basic information about the lawsuit or by use of techniques and a form of notice similar to those customarily used in representative actions.

50. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated.

51. The Class may be properly defined as follows:

All current and former tool pushers classified as independent contractors who performed work for Defendant for at least one week during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

## CAUSES OF ACTION

### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime
### (Collective Action)

52. Plaintiff incorporates the preceding paragraphs by reference.

53. For all time worked in excess of forty (40) hours each week, Plaintiff and the Class Members were entitled to be paid one and one-half times their regular rates of pay.  29 U.S.C. § 207.

54. Defendant violated the FLSA by failing to pay Plaintiff and the Class Members overtime for hours worked in excess of 40 hours in a workweek because it misclassified those workers as independent contractors.

55. Defendant cannot satisfy its burden to show that any exemption applies. Tool pushers were not paid on a salary or fee basis and did not perform the type of work to satisfy the duties tests for any of the white collar exemption.

56. Defendant has, therefore, violated and continues to violate the FLSA by not paying Plaintiff and the Class Members consistent with the FLSA for their overtime hours.

57. Defendant's failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA.

58. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

59. Plaintiff will seek to certify this class as a collective action under 29 U.S.C. § 216(b).

### DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

60. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation for all time worked in excess of forty (40) hours in a single week.

61. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

62. Plaintiff and Class Members are also entitled to recover their attorney's fees and costs as required by the FLSA.

## JURY DEMAND

63. Pursuant to his right under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

64. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of himself and the Class Members awarding them:

    a. Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

    b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

    c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

    d. Pre and post judgment interest; and

    e. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ *Don J. Foty*
    Don J. Foty
    DFoty@kennedyhodges.com
    State Bar No. 24050022
    Federal Id No. 711552
    KENNEDY HODGES, L.L.P.
    4409 Montrose Blvd, Suite 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS